(137 So. 426)

## STEPHENS v. MITCHELL.

### 5 Div. 97.

Supreme Court of Alabama.

Nov. 5, 1931.

Hooton & Moon, of Roanoke, for appellant.

J. J. Cockrell, of Talladega, for appellee.

BROWN, J.

This is an action of assumpsit by appellee against appellant on the common counts, including count for money paid, and special counts declaring on a check issued by the appellant to B. T. Carter, and directed to the Bank of Wadley, Wadley, Ala.

The evidence is without dispute that on March 21, 1928, the appellant drew a check on the Bank of Wadley, in words as follows:

"No. ———  Wadley, Ala., 3/21 1928
"N. P. 61–445
"Bank of Wadley 61–363
"Pay to the order of B. T. Carter $100.00
——— One ——— Dollars.
"G. L. Stephens"

That said check was indorsed by Carter and presented to the Bank of Cragford, and was paid by the latter bank acting through the plaintiff; that the check, in due course, was presented to the drawee bank and payment refused. The plaintiff thereupon reimbursed the Bank of Cragford and brought this action.

It was further shown without dispute that the check was drawn as a loan of $100 to Carter, which was secured by a note given by Carter and one Shores to appellant.

■ The evidence offered by the plaintiff showing the circumstances under which the check was issued, its consideration, and its presentation and the refusal of the drawee to pay, because of insufficient funds, the reimbursement of the Bank of Cragford by the plaintiff, and subsequent presentation to the drawee and its refusal to pay, was properly admitted along with the check.

■ The contention of appellant that the check shows on its face that it was issued for "One Dollar" and not one hundred dollars is not sustained. The language of the check was "Pay to the Order of B. T. Carter $100.00 ——— One ——— Dollars," clearly making applicable the provisions of subsection (1) of § 9045, Code, "Where the sum payable is expressed in words and also in the figures and there is a discrepancy between the two, the sum denoted by the words is the sum payable; *but if the words are ambiguous or uncertain, reference may be had to the figures to fix the amount.*" (Italics supplied.) The word "Dollars" produced such ambiguity as justified resort to the figures.

We find no reversible errors, and the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.